04/18/07  15:31 FAX                                                                    ☒001

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 07-105 | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|

PLAINTIFF(S) Lori W. Wood, Claud Hooker, David Palliardi, Gail Mayes, individually and on behalf of all other persons similarly situated - Marcia Cooper, Marcia Levins and Susan Oher

DEFENDANT(S) ZC Management, LLC, Canyon Ranch, Inc., Canyon Ranch-Bellefontaine Associates, LP, JCBF, Inc., Melvin Zuckerman, Jerrold Cohen, Kevin M. Kelly and Reginald Cooper

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 482-7211
Paul Holtzman, Esq.
Krokidas & Bluestein LLP
600 Atlantic Avenue, Boston, MA  02210
Board of Bar Overseers number:  BBO 563184

ATTORNEY (if known)

APR 09 2007

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Claim for Tips and Service Charges | ( F ) | (XX ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses ........................................................ $ ............
   2.  Total Doctor expenses ........................................................ $ ............
   3.  Total chiropractic expenses ................................................. $ ............
   4.  Total physical therapy expenses ........................................... $ ............
   5.  Total other expenses (describe) ........................................... $ ............
                                                       Subtotal $ ............
B.  Documented lost wages and compensation to date ............................... $ ............
C.  Documented property damages to date ............................................. $ ............
D.  Reasonably anticipated future medical and hospital expenses ................. $ ............
E.  Reasonably anticipated lost wages ................................................ $ ............
F.  Other documented items of damages (describe)
                                                           $ ............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                  $ ............
                                               TOTAL $ ............

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

   Defendants unlawfully deprived plaintiffs of tips and service charges in violation of M.G.L. c.149, Section 152A and common law obligations.

                                              in excess of
                                         TOTAL $. $100,000 ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4/5/07

AOTC-6 mtc005-11/99
A.O.S.C.1-2000

04/18/07  15:32 FAX                                                                        ☒002

## COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, SS.                                                      SUPERIOR COURT
                                                                   C.A. No. 07-105

|   |   |
|---|---|
| LORI W. WOOD , CLAUD HOOKER,<br>DAVID PALLIARDI, GAIL MAYES,<br>individually and on behalf of all other persons<br>similarly situated, and<br>MARCIA COOPER, MARCIA LEVINE<br>and SUSAN OHER,<br><br>     Plaintiffs,<br><br>     v.<br><br>ZC MANAGEMENT, LLC; CANYON RANCH,<br>INC.; CANYON RANCH-BELLEFONTAINE<br>ASSOCIATES, LP; JCBF, INC.; MELVIN<br>ZUCKERMAN; JERROLD COHEN; KEVIN M.<br>KELLY AND REGINALD COOPER,<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT
AND JURY DEMAND**



APR - 5 2007

### PRELIMINARY STATEMENT

1.      This is a class action on behalf of all current and former employees of the Canyon

Ranch resort in Lenox, Massachusetts ("Canyon Ranch") who have been wrongfully deprived of

tips and service charges.

### PARTIES

2.      Plaintiff LORI WOOD ("Wood") is a resident of East Nassau, New York.  Wood

was employed as a massage therapist at Canyon Ranch from December 2004 to March 2006.

1

3.    Plaintiff CLAUD HOOKER ("Hooker") is a resident of West Stockbridge, Massachusetts.  Hooker has been employed as a massage therapist at Canyon Ranch since April 1999.

4.    Plaintiff DAVID PALLIARDI ("Palliardi") is a resident of Pittsfield, Massachusetts.  He has been employed at Canyon Ranch for more than five years.  During that period Palliardi has worked as a member of the wait staff, as a busser clearing tables, and as a massage therapist.

5.    Plaintiff GAIL MAYES ("Mayes") is a resident of Sheffield, Massachusetts. Mayes has been employed at Canyon Ranch since November 2004.  She currently works in the neuromuscular therapy department and previously served as a massage therapist at Canyon Ranch.

6.    Plaintiffs MARCIA COOPER, MARCIA LEVINE and SUSAN OHER (collectively, "Patron Plaintiffs") are residents of New York and longtime patrons of Canyon Ranch.

7.    Defendant ZC MANAGEMENT, LLC ("ZC Management"), formerly known as Canyon Ranch Management, LLC, is an Arizona limited liability company registered to do business in Massachusetts.

8.    Defendant CANYON RANCH, INC ("CRI"), is an Arizona corporation registered to do business in Massachusetts.

9.    Defendant CANYON RANCH-BELLEFONTAINE ASSOCIATES, LP ("CRBA") is a Delaware limited partnership doing business as Canyon Ranch that was, until August 2006, registered to do business in Massachusetts.  CRBA owned and operated the Canyon Ranch resort in Lenox, Massachusetts.

2

10.     Defendant JCBF, INC. ("JCBF") is a Delaware corporation that was, until August 2006, registered to do business in Massachusetts.  During the period when it was registered in Massachusetts, JCBF maintained its registered office at Canyon Ranch.

11.     Defendant MELVIN ZUCKERMAN ("Zuckerman") is a Member of ZC Management.  Zuckerman is the founder and Chairman of Canyon Ranch; he was the Chief Executive Officer of Canyon Ranch until December 31, 2000.

12.     Defendant JERROLD COHEN ("Cohen") is a Member and Manager of ZC Management, President of CRI, General Partner of CRBA and President of JCBF.  Cohen has been Chief Executive Officer of Canyon Ranch since January 1, 2001.

13.     Defendant KEVIN M. KELLY is the President of ZC Management.

14.     Defendant REGINALD COOPER is the General Manager of Canyon Ranch and is responsible for the management of the resort including its employees.

15.     Upon information and belief, all Defendants are "employers" within the meaning of G.L. c. 149 § 152A because they have Canyon Ranch employees in their service and/or are primarily responsible for the management or supervision of Canyon Ranch employees.

## FACTS CONCERNING THE MERITS

### Background, Including Certain Representations
### By Canyon Ranch To Its Patrons Concerning Tips And Service Charges

16.     Canyon Ranch is a resort located in Lenox, Massachusetts, offering, inter alia, hotel accommodations, meals, spa services, sports services, health and healing services, nutrition counseling services and recreational activities.  Canyon Ranch employs approximately 700 people.

17.     Each Canyon Ranch patron typically pays a package charge ("Package Charge") plus a service charge equal to eighteen percent (18%) of the Package Charge ("18% Charge").

Canyon Ranch represents to each patron (a) that it distributes the lion's share of the 18% Charge to its staff members and (b) that additional tipping is neither required nor expected.  More specifically, Canyon Ranch represents to each patron that the 18% Charge "covers gratuities for all staff members."

18.    Canyon Ranch designates a portion of the Package Charge as a credit toward a variety of services provided directly to patrons (collectively, "Services").  The Services include a variety of massage and skin care services, health and healing services, medical consultations, mental health education or assessment sessions and nutrition counseling.  As used herein, the term "Services" does not include (a) serving prepared food or beverages directly to patrons or (b) clearing patrons' tables in places where prepared food or beverages are sold.

19.    Patrons who have exhausted the portion of the Package Charge allocated to Services and wish further Services are required to purchase each additional Service separately.

Employee Compensation And Certain Representations To Patrons Concerning Same

20.    Canyon Ranch pays in the following manner all employees who provide Services to patrons (collectively, "Service Providers," a category that includes Wood, Hooker, Palliardi and Mayes).  For every Service, the patron pays a fee to Canyon Ranch (for example, $110 for a massage), a portion of which Canyon Ranch remits to the Service Provider (for example, $35).  The amounts of both the fee paid by the patron for each Service ("Service Fee") and the portion of the Service Fee that Canyon Ranch remits to the Service Provider are fixed according to schedules established by Canyon Ranch.

21.    Canyon Ranch has at all times represented to its patrons (a) that it distributes a portion of every Service Fee to the Service Provider as a tip or gratuity and (b) that additional tipping in connection with each Service is neither required nor expected.

22.    Until recently, Canyon Ranch required patrons to sign a voucher each time they received a Service.  Each voucher prominently included the following text in block capital letters: "GRATUITY IS INCLUDED IN SERVICE."

23.    Canyon Ranch pays on an hourly basis all non-managerial employees who, in places where prepared food or beverages are served, clear patrons' tables or serve prepared food or beverages directly to patrons (collectively, "Wait Staff Employees," a category that includes Palliardi).

## Canyon Ranch Systematically Deprives Its Employees Of Tips And Service Charges

24.    Canyon Ranch (a) strongly discourages patrons from tipping the Service Providers, Wait Staff Employees and other service employees (collectively, "Employee Plaintiffs"); (b) does not distribute to the Service Provider as a tip any portion of the Service Fee; and (c) distributes only a small fraction of service charges (including without limitation the 18% Charge) to only a limited number of employees (all of whom are employed in the Dining Room or Locker Room).

25.    In order to schedule any Service, a patron must speak with one of Canyon Ranch's program coordinators.  The program coordinators proactively discourage patrons from tipping the Service Providers by stating that all gratuities are included and that additional tipping is neither required nor expected.

5

26.    Subject to the sharply limited exception set forth in the following paragraph, Canyon Ranch forbids the Employee Plaintiffs from accepting tips from patrons.

27.    An Employee Plaintiff may accept a tip from a patron if and only if the Employee Plaintiff first (a) refuses to accept the tip and (b) states that all gratuities are included and that additional tipping is neither required nor expected.  If the patron is persistent, she can give the tip only by going to a designated area of Canyon Ranch and either completing a form or enclosing cash in an envelope.  The overwhelming majority of patrons never complete this process.

28.    Canyon Ranch does not distribute to the Service Provider as a tip any portion of the Service Fee, notwithstanding the fact that it represents to the patrons that it does so.

29.    Subject to the sharply limited exception set forth in the following paragraph, Canyon Ranch does not distribute to the Employee Plaintiffs any portion of the 18% Charge, notwithstanding the fact that it represents to the patrons that it distributes the lion's share of the 18% Charge to its staff members.

30.    Canyon Ranch pays a limited number of employees in the Dining Room and Locker Room a de minimus "service charge allocation."  The amount of this payment is dramatically smaller than the amount of a tip that a reasonable patron would expect to pay.  The aggregate amount of all of these payments represents a small fraction of the aggregate amount of 18% Charges that Canyon Ranch collects.

31.    Canyon Ranch does not in any other manner distribute any tips or service charges to the Employee Plaintiffs.

32.    The Patron Plaintiffs intended and expected that Canyon Ranch would honor its commitment to distribute tips and service charges (including without limitation the 18% Charge) to the Employee Plaintiffs.

### Canyon Ranch Has Intimidated Its Employees To Prevent Them From Asserting
### Their Rights And Has Otherwise Engaged In Unlawful And Unethical Employment Practices

33.     Employee Plaintiffs were met with overt hostility from Canyon Ranch management when they sought information concerning tips and/or service charges. They were told, inter alia, that where the 18% Charge goes is none of their business. Canyon Ranch affirmatively misleads the Employee Plaintiffs concerning whether they are receiving the tips and service charges to which they are entitled. As a result of a longstanding course of conduct including threats and intimidation, termination of employees considered to be "troublemakers" (including one or more employees who raised questions about tips and service charges), and provision of misleading information, many Canyon Ranch employees feared that they would lose their jobs if they pursued their inquiries or pressed for payment of the tips and service charges owed them.

34.     Defendants' longstanding violations were undertaken willfully and deliberately with the outrageous and evil motive of maximizing their own profits by misappropriating tips and service charges owed to their employees. In the alternative, these violations were undertaken with reckless disregard for Plaintiffs' rights. Defendants' violations were part and parcel of a pattern of unlawful and unethical employment practices which included, inter alia, requiring the Employee Plaintiffs to work additional hours without additional pay; unlawfully terminating one or more Employee Plaintiffs for exploring the formation of a union; and instructing payroll staff not to correct known underpayments to an Employee Plaintiff unless the Employee Plaintiff notices the underpayment and specifically requests a correction.

## FACTS CONCERNING CLASS ACTION CERTIFICATION

35.    Plaintiffs Wood, Hooker, Palliardi and Mayes bring this action as a class action

on behalf of themselves and others similarly situated (the "Class"). The Class is properly

certified pursuant to G.L. c. 149 § 150 and Mass. R. Civ. P. 23.

36.    The Class is defined as follows:  all current and former employees of

Canyon Ranch who:

> (a)    Are or were Wait Staff Employees (i.e., are or were "wait staff
>         employees" within the meaning of G.L. c. 149 § 152A),
>
> (b)    Are or were "service employees" within the meaning of G.L. c. 149
>        § 152A, or
>
> (c)    Are or were Service Providers.

37.    Plaintiffs satisfy the criteria set forth in Mass. R. Civ. P. 23(a).

38.    The Class is so numerous that joinder of all members is impracticable.  It includes

hundreds of current and former Service Providers, Wait Staff Employees, and service employees.

39.    There are questions of law and fact common to the Class.  These common

questions include:

> (a)    Whether Defendants failed to distribute tips and service charges (including
>         without limitation the 18% Charge) to the Employee Plaintiffs in violation
>         of the Massachusetts Tip Statute, G.L. c. 149 § 152A.
>
> (b)    Whether Defendants failed to distribute tips and service charges (including
>         without limitation the 18% Charge) to the Employee Plaintiffs in violation
>         of their contractual commitment to patrons.
>
> (c)    Whether Canyon Ranch has had a longstanding policy or practice of
>        wrongfully failing to distribute tips and service charges (including without
>        limitation the 18% Charge) to the Employee Plaintiffs in violation of its
>        common law duties.

40.    The claims of the representative parties are typical of those of the Class.  More

fully, the claim that Defendants failed to distribute tips and service charges (including without

8

limitation the 18% Charge) to the named Plaintiffs is typical of the claims of all members of the Class.

41.    The representative parties will fairly and adequately assert and protect the interests of the Class.

       (a)    Counsel for the representative parties are experienced in class action litigation and are capable of representing the Class.

       (b)    The representative parties have no conflict of interest in the maintenance of the class action.

       (c)    The representative parties have or can acquire adequate financial resources to assure that the interests of the Class will not be harmed.

42.    Plaintiffs also satisfy the requirements of Mass. R. Civ. P. 23(b).

43.    Common questions of law and fact, including those identified in paragraph 39, predominate over any questions affecting only individual members.  The only individual questions would be the amount of compensatory damages or restitution due to each Class member.  Those amounts should be readily ascertainable from records maintained by Canyon Ranch (including payroll records, accounting records and records of services provided).

44.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Class is expected to number in the hundreds and joinder of that number of plaintiffs would be impracticable.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

45.    Wood, Hooker, Palliardi and Mayes filed Non-Payment of Wage Complaints with the Office of the Attorney General.  Each has received a right to sue letter.

## COUNT ONE—MASSACHUSETTS TIP STATUTE

46.    Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

9

47.    Defendants have violated G.L. c. 149 § 152A by, <u>inter alia</u>, the following actions:

    (a)    Defendants have retained or distributed tips and service charges (including without limitation the 18% Charge) given directly to Defendants in a manner inconsistent with G.L. c. 149 § 152A;

    (b)    Defendants have failed to remit the total proceeds of service charges (including without limitation the 18% Charge) to the Employee Plaintiffs in proportion to the services they provided; and

    (c)    Defendants have failed to pay tips and service charges (including without limitation the 18% Charge) within the time set forth in G.L. c. 149 § 152A.

<u>COUNT TWO—BREACH OF CONTRACT</u>

48.    Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

49.    Defendants have committed the common law offense of breach of contract, as demonstrated by the following facts:

    (a)    Defendants' contracts or agreements with Canyon Ranch patrons included the commitment that tips and service charges (including without limitation the 18% Charge) would be distributed to the Employee Plaintiffs;

    (b)    As the intended recipients of the tips and service charges (including without limitation the 18% Charge), the Employee Plaintiffs are third-party beneficiaries of the contracts or agreements between the patrons and Defendants;

    (c)    Defendants have breached their contracts or agreements with Canyon Ranch customers by failing to provide the Employee Plaintiffs with the funds to which they are entitled according to those contracts or agreements.

<u>COUNT THREE—BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING</u>

50:    Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

10

51.   Defendants have committed the common law offense of breach of the covenant of good faith and fair dealing, as demonstrated by the following facts:

    (a)   Defendants represented in their contracts or agreements with patrons that tips and service charges (including without limitation the 18% Charge) would be distributed to the Employee Plaintiffs;

    (b)   Each of these contracts or agreements included an implied covenant of good faith and fair dealing;

    (c)   Defendants violated this implied covenant by failing to distribute the tips and service charges (including without limitation the 18% Charge) to the Employee Defendants.

### COUNT FOUR—CONVERSION

52.   Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

53.   Defendants have committed the common law tort of conversion, as demonstrated by the following facts:

    (a)   The Employee Plaintiffs were entitled to receive tips and service charges (including without limitation the 18% Charge);

    (b)   Defendants converted tips and service charges (including without limitation the 18% Charge) to their own use by retaining the lion's share of them instead of distributing them to the Employee Plaintiffs;

    (c)   The Employee Plaintiffs suffered damage by being deprived of tips and service charges (including without limitation the 18% Charge).

### COUNT FIVE—UNJUST ENRICHMENT

54.   Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

55.   Defendants have been unjustly enriched, as demonstrated by the following facts:

    (a)   The Employee Plaintiffs conferred a benefit on Defendants by performing services for Canyon Ranch patrons;

(b)    Defendants hired the Employee Plaintiffs to perform those services and so knew that the Employee Plaintiffs were conferring that benefit;

(c)    Defendants represented to the patrons that Canyon Ranch would distribute tips and service charges (including without limitation the 18% Charge) to the Employee Plaintiffs.

(d)    Defendants unjustly enriched themselves by retaining tips and service charges (including without limitation the 18% Charge).

### COUNT SIX—CONSTRUCTIVE TRUST

56.    Plaintiffs repeat and reallege each of the preceding paragraphs of this Complaint as if fully set forth herein.

57.    Equity requires the imposition of a constructive trust, as demonstrated by the following facts:

(a)    Defendants are employers of the Employee Plaintiffs and so are in a fiduciary relationship with them;

(b)    Defendants obtained tips and service charges (including without limitation the 18% Charge) owed to the Employee Plaintiffs in violation of Defendants' fiduciary duty; and

(c)    Defendants have been unjustly enriched at the expense of the Employee Plaintiffs by their breach of their fiduciary duty.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Wood, Hooker, Palliardi and Mayes, individually and on behalf of all Class members, pray for judgment against Defendants as follows:

(1)    Restitution for all tips and service charges (including without limitation the 18% Charge) that Defendants failed to distribute to the Employee Plaintiffs;

(2)    Compensatory damages in an amount to be determined at trial;

(3)    Treble damages for Defendants' willful, deliberate, outrageous and evil practice of maximizing their own profits by misappropriating tips and service charges owed to the Employee Plaintiffs and/or for Defendants' misconduct in reckless

12

04/18/07  15:36 FAX                                                      ☒ 014

disregard of Plaintiffs' rights;

(4)     Plaintiffs' attorneys' fees and costs;

(5)     Injunctive relief directing Defendants to convey the past and future tips and
        service charges (including without limitation the 18% Charge) to the Employee
        Plaintiffs;

(6)     Statutory interest; and

(7)     Such other and further relief as is just.


## JURY DEMAND

Plaintiffs hereby demand a trial by jury.


                        Respectfully submitted,

                        LORI W. WOOD, CLAUD HOOKER,
                        DAVID PALLIARDI AND GAIL MAYES,
                        Individually and on behalf of all other persons
                        Similarly situated, MARCIA COOPER,
                        MARCIA LEVINE AND SUSAN OHER

                        By their attorneys,


                        _____
                        Paul Holtzman, Esq. (BBO # 563184)
                        Hugh Dun Rappaport, Esq. (BBO #642263)
                        KROKIDAS & BLUESTEIN LLP
                        600 Atlantic Avenue
                        Boston, MA  02210
                        (617) 482-7211

DATED:  April 5, 2007


2386\0001\198789.6

13