

Not Reported in N.E.2d  
Not Reported in N.E.2d, 18 Mass.L.Rptr. 460, 2004 WL 2915452 (Mass.Super.)  
**(Cite as: Not Reported in N.E.2d)**

Page 1

Michalak v. Boston Palm Corp.
Mass.Super.,2004.

Superior Court of Massachusetts.
Jason MICHALAK et al.
v.
BOSTON PALM CORPORATION.
No. 031334F.

Sept. 17, 2004.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
GERALDINE S. HINES, Justice of the Superior Court.

Introduction

**\*1** Plaintiffs, Jason Michalak, Patrick Geherin and Toirm Miller (collectively "Plaintiffs"), are former employees at the Boston Palm Restaurant ("Palm"). They bring this action on behalf of themselves and others similarly situated alleging that the defendant distributed the service charge billed to private function customers in violation of G.L.c. 152A. They also allege various tort claims [FN1] based on Palm's service charge distribution policy.

> [FN1]. Quantum Meruit (Count II), Intentional Interference with Contractual or Advantageous Relations (Count III), Breach of Contract (Count IV), Breach of the Covenant of Good Faith and Fair Dealing (Count V), Conversion (Count VI), and Unjust Enrichment (Count VII).

Before me is the Plaintiffs' motion for summary judgment on the statutory claim and the motion for class certification. Defendant has filed a cross motion for summary judgment as to all claims. For the reasons set forth below, Plaintiffs' motion for summary judgment is *ALLOWED* and defendant's motion for summary judgment is *DENIED*. The motion for class certification is *DENIED*.

BACKGROUND

The relevant facts are not in dispute. Palm adds a 20% service charge to bills for private functions and other large parties. Servers, those employees who actually place food and drink on the diners' tables, receive 15% of the service charge. The remaining 5% is split between the Catering Manager (3%) and the kitchen staff (2%). All newly hired employees are informed of the policy. Palm's customers are formally advised of the service charge distribution policy in the banquet contract. In addition, servers and other employees are trained to inform customers of the service charge distribution policy. Some customers choose to leave an additional gratuity which is divided evenly among the servers only.

The servers, Catering Sales Manager and kitchen staff all provide service in the sense that together they insure that the customer is provided an experience consistent with Palm's Mission Statement: "The Palm: America's Steak House is committed to providing our guests with the highest quality food, beverages and personalized service in a relaxed and friendly atmosphere." Each employee, regardless of title, is expected to observe Palm's customer service philosophy in his/her interactions with customers.

The Catering Sales Manager is responsible for generating new banquet business and coordinating banquet events. In carrying out these responsibilities, the Catering Sales Manager may be called upon to perform an array of tasks including (a) selecting the menu and wine that will be served at the banquet; (b) ordering all special items for the banquet, such as audio and visual equipment, flowers, balloons, cakes or performers; (c) ordering special meals; (d) determining the floor arrangement for the banquet room; and (e) selecting the linen, china and silverware that is placed on the tables. The Catering Sales Manager also prepares the written customer contract and, on occasion, assists the servers in setting up the banquet room, taking beverage orders and serving the meals.

The servers' role at banquets is mainly to take beverage orders, transport pre-selected appetizers and meals from the kitchen to the customers' table and assist in the arrangement and clean-up of the room. Servers may also work banquets simultaneously with their jobs in the main dining room.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-30076-MAP   Document 8-3   Filed 06/08/07   Page 2 of 3

Not Reported in N.E.2d                                                                                                    Page 2
Not Reported in N.E.2d, 18 Mass.L.Rptr. 460, 2004 WL 2915452 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d)**

**\*2** The kitchen staff contributes to the banquet or private function by preparing all the meals. They provide this service in addition to preparing all the meals for the regular customers at the restaurant.

DISCUSSION

1. Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); *Cassesso v. Comm'r of Corr.,* 390 Mass. 419, 422 (1983); *Community Nat'l Bank v. Dawes,* 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and the summary judgment record entitles the moving party to judgment as a matter of law. *Pederson v. Time, Inc.,* 404 Mass. 14, 16-17 (1989). A moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. *Flesner v. Technical Communications Corp.,* 410 Mass. 805, 809 (1991); *Kourouvacilis v. General Motors Corp.,* 410 Mass. 706, 716 (1991). The non-moving party must oppose the motion with admissible evidence on the issue in order to defeat the summary judgment motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Both parties claim a right to summary judgment based on G.L.c. 149, § 152A which governs the distribution of tips and gratuities to employees in the food or beverage service business. The statute provides as follows.
No employer or other person shall solicit, demand, request or accept from any employee engaged in the serving of food or beverage any payment of any nature from tips or gratuities received by such employee during the course of his employment, or from wages earned by such employee or retain for himself any tips or gratuities given directly to the employer for the benefit of the employee, as a condition of employment; and no contract or agreement between an employer or other person and an employee providing for either of such payments shall afford any basis for the granting of legal or equitable relief by any court against a party to such contract or agreement. *If an employer or other person submits a bill or invoice indicating a service charge, the total proceeds of such charge shall be remitted to the employees in proportion to the service provided by them.* Whoever violates any provision of this section shall be punished by a fine of not more than a thousand dollars and the court may require such employer or other person to make restitution for any tips or gratuities accepted or retained by him in violation of this section. (Emphasis supplied.)

The nub of this dispute is the correct interpretation of the second sentence of the statute which applies where the employer collects a service charge from the customer for the benefit of its employees. Plaintiffs argue that the statute's mandate to remit "the total proceeds of such (service) charge ... to the employees in proportion to the service provided by them" should be interpreted to mean that only servers, those employees who actually place food and beverage on the diners' tables, should receive the gratuity. Defendant counters that the language should be interpreted broadly to include all employees, i.e., kitchen staff and catering manager, who provide "service" to the customers.

**\*3** Although no appellate cases interpreting the statute have been brought to this court's attention, the parties rely on several cases from the Superior Court to support their respective positions.[FN2] All of these decisions, with the exception of *Williamson v. DT Management Co.,* Middlesex Civil Action No. 02-1827, 17 Mass. L. Rptr. 606, March 10, 2002 (Haggerty, J.), support a broad interpretation of the term "employee" as contained in the second sentence of the statute. Nonetheless, I agree with the analysis and result in *Williamson, supra.* I am persuaded that the court in *Williamson* correctly applied the basic rules of statutory construction in reaching its result and I adopt its reasoning.[FN3] The court's conclusion that "it would be incongruous to hold that the phrase 'engaged in the service of food and beverage' modifies the word 'employee' in the first sentence of the section, but then does not modify or even relate to the term 'employee' as used in the second sentence of the section" is especially compelling and, in my view, dispositive of the defendant's argument. *Williamson* at 19. The *Williamson* court reached this conclusion relying on the principle that "where the Legislature uses the same words in several sections which concern the same subject matter, the words must be presumed to have been used with the same meaning in each section." *Williamson* at 19, fn 18 citing *Whitehall Co., Ltd. v. Alcoholic Beverages Control Comm'n,* 7 Mass.App.Ct. 538, 540. Inasmuch as the reference to "employee" in the first

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-30076-MAP   Document 8-3   Filed 06/08/07   Page 3 of 3

Not Reported in N.E.2d                                                                                                   Page 3
Not Reported in N.E.2d, 18 Mass.L.Rptr. 460, 2004 WL 2915452 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d)**

sentence of the statute clearly applies to servers only, defendant's argument that the term "employee" as used in the second sentence encompasses the Catering Service Manager as well as the kitchen staff is unavailing. Under defendant's definition of "service," every person who participates in providing the Palm "experience" to its customers is entitled to a share of the service charge. It is unlikely that the Legislature intended such a result.

> FN2. All of the decisions interpreting the statute emanate from the Superior Court. See *Chance v. Westban Hotel Venture,* Suffolk Civil Action No. 97-4947, November 27, 2000 (Volterra, J.); *Fraser v. Pears Co., Inc.,* 2003 Mass.Super. LEXIS 152, 16 Mass. L. Rptr. 255, May 5, 2003 (Brady, J.); *Nedved v. 1760 Society. Inc., et al .,* Worcester Civil Action No. 02-1491, 17 Mass. L. Rptr. 350, February 18, 2004 (McCann, J.) and *Williamson, et al., v. DT Management Co.,* Middlesex Civil Action No. 02-1827, 17 Mass. L. Rptr. 606, March 10, 2004 (Haggerty, J.).

> FN3. See Memorandum and Order on (1) The Defendant's Motion For Summary Judgment; (2) The Plaintiffs' Cross Motion For Summary Judgment: and (3) The Plaintiff's Motion For Class Certification at pp. 18-20.

Finally, this outcome flows logically from the rule that a statute is to be interpreted "so as to render it a 'consistent and harmonious' whole." *Livoli v. Zoning Board of Appeals of Southborough,* 42 Mass.App.Ct. 921, 922 (1997) citing *Vining v. Selectmen of Westford,* 416 Mass. 35, 38 (1993). The clear purpose of the statute as discerned from the title, "*Payment to, or retention by, employer of tips to employees; contract for payment,*" and the plain meaning of the language contained in the statute appears to be to protect the right of an "employee engaged in the serving of food or beverage" to receive gratuities. It is appropriate to look to the title as a "useful indication of legislative intent." *First Eastern Bank v. Robert Trent Jones,* 413 Mass. 654, 661 n. 9 (1992). The title's focus on employee "tips" to the exclusion of any other form of remuneration clearly signals a legislative intent to define the rights of those entitled to "tips." Consistent with this purpose, the statute deals with the two distinct situations in which an employee receives a gratuity for services rendered to his employer's customers: 1) when the gratuity is paid directly to the employee; and 2) when the gratuity is paid to the employer in the form of a service charge on behalf of the employee. An interpretation that expands the definition of "employee engaged in the serving of food or beverage" to include the employer's kitchen staff and the Catering Service Manager subverts the legislative purpose. Moreover, such an interpretation gives with one hand and takes with other and in doing so clearly flouts the basic rule that a statute is to be construed as a "consistent and harmonious whole." *Livoli, supra.*

2. Class Certification

**\*4** The plaintiffs' motion for class certification is denied inasmuch as they have not complied with the requirements of Mass.R.Civ.P. 23. See *Cooney v. Compass Group,* Middlesex Civil Action No. 02-3159, January 7, 2004, (Muse, J.).

ORDER

For the foregoing reasons, the plaintiffs' motion for summary judgment on count I is *ALLOWED.* Defendant's cross motion for summary judgment on Counts I, II, III, IV, V, VI and VII is *DENIED* .

Mass.Super.,2004.
Michalak v. Boston Palm Corp.
Not Reported in N.E.2d, 18 Mass.L.Rptr. 460, 2004 WL 2915452 (Mass.Super.)

END OF DOCUMENT