

# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
200 PORTLAND STREET
BOSTON, MASSACHUSETTS 02114

TOM REILLY
ATTORNEY GENERAL

(617) 727-2200

## TESTIMONY OF ATTORNEY GENERAL TOM REILLY
## IN SUPPORT OF SENATE BILL 72
## "PROTECTING TIPPED EMPLOYEES"

### Before the Joint Committee on Commerce and Labor

### April 25, 2001

Good morning Chairman Lynch, Chairman Green, and members of the Committee on Commerce and Labor.

My name is Dan Field and I am the Chief of the Fair Labor and Business Practices Division in the Office of Attorney General Tom Reilly. The Attorney General has asked that I come before you today to express his strong support of Senate Bill 72, "An Act to Protect Tipped Employees" sponsored by Senator Lynch, Senator Tolman, Senator Tarr, Representative Walsh, Representative Larkin, Representative Naughton, Representative Donavan and the Office of the Attorney General.

During the Christmas season of 1999, a half dozen airport baggage sky caps came to our office from Logan Airport with a problem. Several of these sky caps had been working at the same job, carrying heavy baggage for travelers, year round, for 15-20 years. They told us about their employer's newly instituted company policy under which they would be required to turn over all of their tips to their employer and would only be returned to them only if their employer decided they deserved a bonus. To add insult to injury, the workers were being subjected to random searches and their uniform pockets were sewn shut to prevent them from keeping their

tips. We contacted the company and learned that it was indeed now keeping the tips. When we asked them how they could do this, they told us that they had posted a sign at the airport informing customers that the amount paid to the attendants was a discretionary service fee and not a tip. So we then took a look at the law and, to our amazement, there was nothing in the labor laws to protect these employees or consumers from this extraordinary situation. We had to tell those sky caps that the law didn't provide them any protection.

Recently, we have also heard from waiters and waitresses who have been required to pool their tips only to see their earned tips being kicked back to managers and owners of restaurants. We have also learned of situations in which banquet facilities have added a 18% gratuity to customers' bills, but rather than giving this service charge to service employees, the employers have kept the bulk of the fee for themselves, or for their executives and managers. In several cases, after receiving these complaints, we have talked to the owners and managers of these establishments, and their lawyers, and they have told us that they do not understand the law.

The tip pooling statute now on the books dates back to the 1950's, and General Court has not revisited the tipping statute for nearly 18 years. In light of the uncertainty that now exists, the Attorney General believes that changes are now urgently needed.

The proposed legislation protects service employees -- baggage handlers, hairdressers, waiters and waitresses, taxicab drivers -- who depend on receiving the tip income they earn for their livelihood. It protects consumers who expect their tips to go to the working person performing a service and not to the coffers of the employer. And it protects the hardworking business owners who employ workers who receive tips, and who, most of all, need to know clearly which employees are entitled to share in tips and service charges and which are not.

The proposed legislation:

- Clarifies language which forbids employers from forcing any service employee to surrender her tips to a pool and explicitly prevents employers from taking tips earned by service employees and redistributing them at the employer's whim;
- Protects all tipped employees, such as sky caps, valets and limousine drivers. Previously, only those serving food and beverages were covered;
- Updates the antiquated penalty provision of the law to make the punishments for violations consistent with the penalty and private right to sue provisions which the legislature enacted in 1998 for other similar wage law violations.

In working on the language of this proposed revision, we have had extensive discussions with employee and employer groups including. The overwhelming concern expressed by business groups is that there is a need for clarity. There were other concerns expressed as well. In drafting this proposed legislation we have sought to accommodate those concerns.

Our state minimum wage law carves out an exception for tipped employees which allows employers to pay service employees $2.63 an hour, with customer tips paying the rest of the wage. These tipped workers deserve the same protections afforded other employees. Restaurant and other business owners that compete fairly and play by the rules deserve the same protection as well. The Attorney General urges you to act favorably on this proposed legislation so that we can work to assure the wage statutes work for every employee in Massachusetts.